# NO. 12-10-00249-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ADRIAN D. UPSHAW,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Adrian D. Upshaw appeals his conviction for possession of a prohibited substance in a correctional facility. In his sole issue, he argues that the trial court's judgment identifies the wrong person as his trial counsel. We modify the judgment of the trial court, and as modified, affirm.

## BACKGROUND

In April 2010, Appellant entered a negotiated guilty plea to possession of a prohibited item in a correctional facility; namely, marijuana in the Smith County jail. He was placed on community supervision for ten years. In June 2010, the State filed an application to revoke Appellant's community supervision, alleging that he had used PCP while on community supervision. Appellant pleaded "true" to the allegation. Based upon his plea, Appellant was sentenced to six years of imprisonment. This appeal followed.

## JUDGMENT

In his sole issue, Appellant argues that the judgment lists the wrong person as his trial counsel. The judgment in a criminal case must list the name of the defendant's counsel. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(2) (Vernon Supp. 2010). The statute does not specifically state whether trial counsel or appellate counsel, when they are different, should be listed. In context, however, it appears that it is trial counsel who should be listed because the

other required entries relate to the trial or the final hearing in the case. *Id.*

Appellant's sentence was pronounced on July 21, 2010, and the trial court signed its judgment on the same day. The trial court appointed appellate counsel on July 28, 2010. Appellant also filed his notice of appeal on July 28, 2010. The judgment lists his appellate counsel as the "Attorney for Defendant" and does not list the attorney who represented him at trial.

Appellant requests that we amend the judgment to delete the name of his appellate counsel and replace it with the name of his trial counsel, Mr. Clifton Roberson. The State joins Appellant's request. Moreover, the caselaw supports Appellant's request. *See Blanton v. State*, No. 12-09-00448-CR, 2010 WL 4274774, at *2 (Tex. App.–Tyler Oct. 29, 2010, no pet.) (mem. op., not designated for publication). As we stated in *Blanton*, we have the authority to modify or reform an incorrect judgment when, as here, we have the necessary information before us to do so. *See id.*; *see also* TEX. R. APP. P. 43.2(b).

The State agrees that Mr. Clifton Roberson represented Appellant prior to his conviction. On July 28, 2010, Roberson filed a motion to withdraw as counsel following the final hearing in this case, and the motion was granted that same day. According to the reporter's record, Roberson represented Appellant through his sentencing, which preceded the entry of the signed judgment. Therefore, we sustain Appellant's sole issue.

## DISPOSITION

We *modify* the judgment to reflect that Appellant was represented by Clifton Roberson. As modified, we *affirm* the judgment of the trial court.

**BRIAN T. HOYLE**
Justice

Opinion delivered June 30, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)